Thank you, Your Honor. Thank you, Your Honor. Okay, the next case is number 13, 7116, Young against the Secretary of Veterans Affairs, Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Robert Young. There are two issues in this case. I'm not sure we're going to have to reach the second issue. The first issue deals with whether or not the provisions of 38 CFR 3.304F, as it existed in 1997, was relevant to the determination of the effective date of the award of service connection for post-traumatic stress disorder in this matter. The Veterans Court relied upon a misinterpretation of 3.304F when it determined that the Board had adequately explained the assignment of the effective date based upon the application of 3.304F. Section 3.304F is simply not relevant to when determining the effective date under the prior version of 3.156C. In this case, the Board found that service department records had, in fact, been submitted by Mr. Young in 1994 and they fell into the prior provisions of 3.156C exception for the assignment of an effective date and that Mr. Young's 1984 claim was therefore considered to be pending. What would you say, Mr. Carpenter, if this 1989 medical opinion had said, I've examined the history of the veteran's symptoms and I've examined him physically and I've concluded that the PTSD arose six months ago and the claim was filed in 1984. Would you say that he would get an effective date back to 1984 or to the date that the doctor concluded that he started PTSD? Well, Your Honor, on the one hand, I think that a determination could be made that the effective date would be six months prior to the date of the exam based upon that medical evidence. But ultimately, I believe it turns on what is meant by a retrospective evaluation. How does my hypothetical come out? Well, I think your hypothetical comes out in that it depends on the fact finder as to what determination they would or would not have made. Let's assume that the fact finder believes the doctor and the doctor says it began six months ago. Would you be contending here that the claim, the effective date would go back to 1984? I believe that under the provision to 3.156C, he would be entitled to consideration of an effective date based upon a retroactive evaluation. That retroactive evaluation... Try to answer my question. In that hypothetical, does it go back to 1984 or does it go back to six months before the opinion? Without a retrospective evaluation, Your Honor, I don't believe you can properly apply 3.156C. You cannot simply rely on the evidence as it existed in 1989 when that examination was made because we clearly have a change in circumstance in the award of service connection based upon evidence that the VA considered that was new in material, including the submission of Supplemental Service Department. Well, suppose that evidence doesn't go back more than six months before the 1989 examination also. Well, but in this case, Your Honor, the veterans specifically... What I'm asking is what possible basis is there for going back to the date of the filing of the claim when there isn't any medical evidence that the onset of PTSD went back to 1984? Because there is evidence in the veteran's application. He described the symptoms and manifestations... No, no, no, no, no. My hypothetical is there is no evidence. The date six months earlier is the total extent of the evidence. I apologize, Your Honor. In that circumstance, I did not understand that you were constraining it to no evidence prior to that date. If there's no evidence prior to that date, then under your hypothetical, it would go back six months before the date of the diagnosis. Okay. But that is not the facts in this case. That was not what the Board was confronted with when it assigned the effective date and applied 3.156C by importing a higher legal standard under 3.304F. By importing that higher legal standard, they said that you assign the effective date simply based upon the presence of a diagnosis. But service connection had already been established. When this claim was reopened and granted in 1998, the VA determined that there was evidence of the required diagnosis under 3.304F. That is the end of the application. But there's no evidence that it went back before the 1989 opinion. But there was, Your Honor. There was evidence in the veteran's initial application in which he described his symptoms and manifestations. But not a medical diagnosis that it went back, really. Absolutely not, Your Honor. But that is the import of the language of 3.156C, which requires a retrospective evaluation. It requires that you now go back and look back retroactively to determine what those symptoms and manifestations meant in terms of, in this case, the diagnosis in 1989. To determine whether the symptoms and manifestations that were described, the doctor was not asked whether or not those symptoms and manifestations were the symptoms and manifestations of the post-traumatic stress disorder that was diagnosed in 1989. Under 3.156C, he is entitled to that benefit. That is the intended operation, the remedial purpose of 3.156C, to afford the veteran that retrospective evaluation in order to determine whether or not, based upon the totality of the evidence, which includes lay evidence of the description of the symptoms and manifestations that he had, if, based upon a retrospective evaluation, a medical determination says that those symptoms would not have been, but the test here is, was it at least as likely as not? And if the medical evidence was that the description of those symptoms was at least as likely as not, were the description of symptoms and manifestations of post-traumatic stress disorder, then he would be entitled to consideration of an award from 1984 going forward. Now that is separate from the rating to be assigned. The rating has to be assigned based upon the severity of those symptoms. And that, as we know from the Court's decision below in Choda, will require another retrospective evaluation to determine the severity of those conditions. Clearly, in this case, the Board, yes, the Board recognized that the assignment of the effective date in 1992 was not correct. And that based upon the existence in the record of a diagnosis, that he was entitled to the assignment of an effective date from at least 1989. But that leaves a gap between 1984 and 1989, in which the provisions of the regulation, which do not relate to 3.304F, allow him a retrospective evaluation. He was not afforded that retrospective evaluation. The Board made a medical determination without any medical evidence in the record that implicitly found that those symptoms and manifestations were not symptoms and manifestations of post-traumatic stress disorder. In the remaining time of my initial presentation, I would like to at least present the alternative argument, which is even if this Court finds that 3.304F was an applicable provision in the assignment of the effective date, the Court's use of that and the Board's use of that is in conflict with the rule established by this Court in Prince's Cruz. All three factors of the Prince's Cruz criteria are met in this case by applying a provision that was a substantive change in the rule to the application of the provision retroactively, since it did not exist at the time of his application in 1984. Unless there are further questions from the panel, I'd like to reserve the balance of my time for rebuttal. Okay. Thank you, Mr. Carpenter. Mr. Briskin. May it please the Court. I'd like to respond first to the argument that Mr. Carpenter presented in his opening argument to you. So, Mr. Briskin, what's the government's answer to my hypothetical? The 1989 opinion, the doctor says, I conclude that the veteran has had PTSD for six months. Does the effective date go back six months before the diagnosis? Yes, Your Honor, it would, because that's the date that he is first medically diagnosed with PTSD, with a mental disorder. And that, under the regulations, is the date that entitlement arises to receive service compensation. So the answer would be yes. So what about Mr. Carpenter's argument that he was entitled to a retrospective determination that there was an earlier effective date? I mean, PTSD presumably didn't start with the date of the medical opinion. And there hasn't been any determination as to when it did start. And he says there should be a retrospective determination as to what an earlier date would have meant. Well, I have two responses to that. The first is that this case comes to this Court on the basis of a Q challenge. And so the request to develop additional evidence is inappropriate on the basis of a Q challenge where the arguments need to be based on the record that existed at the time of the decision. So that's my first response. The second response is under 3.156C4, the retrospective evaluation. It says that that evaluation, resulting from disease or injury, must be supported adequately by medical evidence. In this case, there is no medical evidence until March 10, 1989. But you know what's unclear. How can there have been a finding which is no longer challenged of service connection unless there is some sort of implicit retrospective acceptance? The only question being now do we go back to the date when the claim was first filed? Well, in this case, it was retrospective. The opinion was May 11, 1989, saying that I've been treating Mr. Young for PTSD since March 10, 1989. And that presumably the psychiatrist in that case was presented with the symptomatology and the complaints of Mr. Young and would have looked back on the basis of whatever evidence was in the record. You have to remember here the service department records that were later associated with a claim related only to the in-service stressor. The PTSD determination was not made on the basis of those service department records. So the attempt to use 3.156C to then go back and reevaluate the PTSD determination is improper. 3.156C exists in this case to make up for the government inattention for associating all the necessary files to the document. In this case, that was the in-service stressor. It doesn't affect the date that the PTSD arose, which in this case there's no medical evidence whatsoever prior to March 10, 1989. It was the veteran's burden to bring in medical evidence that arose before the 1989 diagnosis. At that time it was. When he filed his claim, the VA sent him... Because there was no duty to assist? Correct. The VA sent him a letter right after he filed his claim asking him to send in all the supporting documents that he had, anything that substantiated his claim. They scheduled a medical examination. He neither sent in any documents supporting his claim nor showed up for his medical examination. So they didn't take any further action on his claim. I would note that the May 11, 1989 medical exam that he finally used in support of his claim was from the VA. He wasn't forced to go outside to a private doctor. He was afforded medical care that did ultimately diagnose him with PTSD. The second point I'd like to make is in response to Mr. Carpenter's discussion of Princess Cruises, as I think is well set forth in our briefs, this Court need not reach the question of Princess Cruises because although 3.304F3, which was not applicable at the time of the 1984 regulation, clearly requires medical diagnosis of PTSD, the preceding regulation governing mental disorders 4.126 also required a medical diagnosis of mental disorders for service connection. So there was no substantial change between 4.126 and 3.304F to become service-connected for a mental disorder including PTSD. The VA has always required a medical diagnosis in conformance first with the APA manual and then with the DSM of that mental disorder. So there's no need to look at the retrospective applicability because a medical diagnosis is always required. Unless the Court has any further questions, we'd ask the Court to affirm the decision of the Veterans Court. Okay. Thank you. Thank you. Mr. Carpenter. Thank you, Your Honor. I'd like to begin with the notion that this matter is a Q challenge or involves a Q challenge. While it is correct that this does stem from a request for revision, the request for revision was granted. What we're talking about here is the revision and the application of 3.156C, which was not correctly applied by the VA when it assigned the original effective date in 1998. So we're only talking about how 3.156C is to be applied. If it is a Q claim, then you would have to show that the outcome would have been different if the correct standard was applied. That's correct. And it doesn't seem to me that there was any medical evidence in the record in 1989 suggesting that there was medical opinion support for an earlier effective date than May 1989. But with respect, Your Honor, that was not the issue. The issue was whether or not in 1998, Mr. Young was entitled to the benefit of 3.156C and whether the failure to afford that benefit would have resulted in a manifestly different outcome. I don't actually see that there's that much difference between you and the government as to what the legal standard is. You both seem to be saying that the date of the diagnosis is not determinative, but if there was medical evidence that there was an earlier onset of PTSD, that the veteran gets the date of the earlier onset. And so the only question is here whether there was evidence in the record which would compel a finding of an earlier onset date based on medical evidence. I don't see that you really even argued that the record required an earlier effective date based on the medical evidence that was in the record at the time. Not based upon medical evidence, but based upon lay evidence, which triggered the provisions of 3.156C to entitle him to a retrospective evaluation. And part of that retrospective evaluation was to ask the question whether or not based upon the symptoms that were described by the veteran in his application, was it at least as likely as not that those symptoms were the product of post-traumatic stress disorder for the purpose of assigning the effective date. So here we are substantially different, Your Honor, because the VA wishes to end the inquiry under 3.156C based upon a diagnosis of post-traumatic stress disorder. First under the ground of 3.304F, and then under the ground of a regulation that requires a diagnosis for service connection. Both of those arguments are flawed because the veteran was granted service connection for post-traumatic stress disorder in 1998. All that is at issue is the assignment of the effective date based upon the application of 3.156C. The Board found that Mr. Young was entitled to the benefit of 3.156C, and the fact that he didn't get it was a clear and unmistakable error. They then proceeded to revise the original decision, or the 1998 decision, by making a new decision and assigning a new effective date. At that point, Q is behind us. We are done with clear and unmistakable error. We are dealing with the application of 3.156C for the determination of the correct effective date. And under the plain language of that regulation, the veteran is entitled to a retrospective evaluation. That retrospective evaluation was not done by the Board. They fastened on to the diagnosis in 1989 and ended their inquiry. That was not an appropriate evaluation under 3.156C. So what is the relief that you are requesting? A remand for a retrospective evaluation to fill that gap between 1984 and 1989? That's correct. What's the language that you say requires a retrospective determination? The language of the regulation, Your Honor, I've got it right here. It says a retrospective evaluation of disability... What are you reading from? From the text of the prior version of 3.156C. Is it in your brief? I'm sorry, Your Honor. I'm not sure about whether or not that's in the brief per se. Okay. I'm sorry. In my initial look at the text of the brief, I don't see it in there. But the text... You can send us a note and tell us where to find it. Could you just tell me what the language is? The language is a retrospective evaluation of a disability resulting from a disease or injury subsequently service-connected on the basis of new evidence from the service department must be supported adequately by medical evidence. And it is the support by medical evidence that is the component that's missing here. Your Honor, correctly acknowledge that the 1989 examination and diagnosis simply did not address the question as to how far back this went. And 3.156C permits that. Unless there's further questions from the panel, thank you very much, Your Honor. Any requests? Okay. Thank you, Mr. Carpenter, Mr. Breskin. The case is taken into submission.